George F. GARNER, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

Nos. 75–1813, 75–1814.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 16, 1976.

Decided July 23, 1976.

Rehearing and Rehearing En Banc
Denied Oct. 20, 1976.

George F. Garner, pro se.

Larry E. Stead, Director, Marion, Ill., for petitioner-appellant.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Knoxville, Tenn., for respondent-appellee.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Appellant Garner, on February 3, 1970, called at the First National Bank in Port St. Joe, Florida, and approached Mr. Ted J. Cannon, Cashier, in an attempt to cash certain U.S. Money Orders. Mr. Cannon refused to cash the money orders; whereupon appellant left the bank and drove away in an automobile bearing Missouri license plates No. SLA 527.

Two days later, on February 5, 1970, Garner was seen driving an automobile with Missouri car license plates, No. SLA 527, at a greatly excessive rate of speed in the State of Tennessee, when a Tennessee State Trooper started to pursue him. During the chase, which covered a distance of approximately 26 miles, Garner reached speeds of 120 miles per hour or greater; he ran two road blocks set up by the Tennessee police, and was stopped only when he drove his automobile into a yard in Maryville, Tennessee, then turned and struck a police cruiser, which had been set up as part of another road block.

When appellant's car was wrecked at this last road block, he was arrested; and the State Highway patrol officer who had been pursuing him, discovered that in a brief case in the trunk of appellant's car were $38,000 of money orders that had been stolen in three separate burglaries of post offices—one of them being at Clarksburg, Missouri, on January 18, 1970, when the safe in the Clarksburg Post Office was blown open with explosives. The other money orders were stolen from the Arlington, Kentucky, Post Office and from the Crockett Mills, Tennessee, Post Office, where the safes at those places were also blasted open. At the time the stolen money orders from the Clarksburg Post Office were found in the trunk of appellant's automobile, the automobile was still bearing Missouri license plates No. SLA 527, which were the same license plates that were seen on appellant's automobile by Mr. Cannon, cashier of the bank at Port St. Joe, Florida, where appellant had tried to cash U.S. Money Orders two days before he was arrested in Tennessee.

In addition to the $38,000 of stolen money orders in appellant's automobile when it was wrecked at the road block at the time appellant was arrested, there were also found in the trunk of the car an arsenal of guns, ammunition, blasting gelatin, blasting caps and fuses. Appellant also had wilfully and knowingly with him and in his possession a firearm known as a U.S. Army type Colt, 45 caliber automatic pistol with which we are not here concerned, the sentence on such count having been set aside. Appellant had also previously been convicted of a crime, punishable by imprisonment for a term exceeding one year.

After appellant's arrest, the Grand Jury returned three indictments against him. The first indictment, in Criminal Action No. 17,725, contained two counts. Count One set forth:

"The Grand Jury charges that on or about the 5th day of February, 1970, in the Eastern District of Tennessee, Northern Division, GEORGE FINIS GARNER did willfully and knowingly have in his possession a firearm, that is, a U. S. Army type Colt .45 caliber automatic pistol, serial number 854999, the said George Finis Garner at that time having previously been convicted by a court of the United States or of a State thereof of a crime punishable by imprisonment for a term exceeding one year. (Title 18, Appendix, Section 1202(a), United States Code.)"

Count Two set forth:

"The Grand Jury further charges that on or about the 5th day of February, 1970, in the Eastern District of Tennessee, Northern Division, GEORGE FINIS GARNER did willfully and knowingly transport and ship in interstate commerce from the State of Florida to Bounty County, Tennessee, firearms and ammunition, to wit:

"One U. S. Army type .45 caliber automatic pistol, serial number 854999, containing therein 7 rounds of .45 caliber cartridges,

One Colt .357 caliber Magnum Python, serial number 991,

One Browning, 12-gauge automatic shotgun, serial number B17621,

50 rounds of .357 caliber Magnum cartridges,

47 rounds of .45 caliber cartridges,

37 rounds of .38 caliber cartridges,

10 rounds of .12-gauge shotgun shells, destructive devices consisting of

1 roll of blasting gelatin, 3 inches by 10 inches,

1 piece of blasting gelatin weighing approximately ½ ounce,

1 piece of blasting gelatin weighing approximately 4¼ ounces,

1 piece of blasting gelatin weighing approximately 6½ ounces,

9 blasting caps with 6-inch fuses attached, and 3 electric blasting caps,

the said George Finis Garner at that time having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year. (Title 18, Sections 922(g) and 924, United States Code.)"

The second indictment, No. 17,726, contained one Count charging appellant with knowingly possessing unregistered firearms and devices in violation of Title 26 U.S.C.A., Sections 5861(d) and 5871.

The third indictment, No. 17,727, contained two Counts. The first charged him with the knowing retention of stolen United States Postal Money Orders in violation of Title 18 U.S.C.A. Sec. 641. The second Count charged him with knowingly possessing, with intent to defraud, fraudulently-made United States Postal Money Orders, in violation of Title 18 U.S.C.A., Sec. 472.

Upon a trial before a jury, appellant was found guilty on all counts in the three indictments. Subsequently, appellant was sentenced under all counts in all indictments. On Count One of the first indictment, No. 17,725, he was sentenced to two years and on Count Two of the first indictment, he was sentenced to ten years, the sentences to be served consecutively for a total of twelve years.

On the single count in the second indictment, No. 17,726, he was sentenced to eight years to begin after the expiration of the twelve years, imposed on the two counts in the first indictment, No. 17,725.

On the third indictment, No. 17,727, he was sentenced to ten years on each of the two counts, such sentences to run concurrently with each other, and with the sentences imposed on the two counts of the first indictment, No. 17,725. In all, appellant was sentenced on all counts in all indictments to a term of twenty years.

Subsequent to the court's imposition of the sentences, appellant filed a motion, under Title 28 U.S.C.A., Sec. 2255, to vacate the sentences imposed in the first indictment, No. 17,725, on the ground that Count One, charging appellant's possession of a firearm, was void for failure to charge the requisite nexus with interstate commerce; and that the government's failure to prove an essential element of the crime charged, that is, interstate commerce, rendered appellant's conviction under Count Two of the indictment invalid, as being obtained in violation of due process of law.

It is to be noted that Count One did not allege an interstate nexus with regard to the firearm on which the count was based. With reference to the motion of appellant to vacate the sentence imposed upon Count Two of the first indictment, in which appellant was charged with transporting and shipping in interstate commerce, the firearms, and ammunition, consisting of an automatic pistol, a Colt .357 caliber Magnum Python, an automatic shotgun and a considerable amount of blasting gelatin, blasting caps with fuses attached, and electric blasting caps, the requisite interstate nexus was alleged in the count.

Appellant contends that the Government did not prove the interstate carriage and commerce by him of the arms, ammunition, guns and blasting materials set forth in Count Two.

After the District Court denied appellant's motion to vacate Count Two of the first indictment, appellant filed another motion under Title 28 U.S.C.A., Sec. 2255.

On appeal of the District Court's order denying appellant's motion to vacate Count Two, this court entered an order vacating the judgment of the District Court on Count Two and remanding for reconsideration the issue of the validity of the sentence on that count. The District Court, following the remand of this court, held no hearing but, on various considerations, denied relief, finding that the sentence it imposed was authorized under Title 18 U.S.C.A., Sec. 924. The court did not expressly refer to Sec. 924(b) or (c)(2).

Counsel for appellant vigorously argues that his client "was indicted, tried, and convicted by a jury of transporting certain firearms and ammunition, from Florida to Tennessee, after being convicted of a felony, in violation of 18 U.S.Code, Sec. 922(g)." However, [as appellant argues] at sentencing he was not sentenced under the appropriate sentencing provisions set forth in 18 U.S.Code, Sec. 924(a), calling for a maximum term of five years, but was sentenced under an indefinite and uncertain penalty provision to a term of ten years.

The Government filed a response arguing that appellant could be properly sentenced to a term of ten years under certain aggravated circumstances, pursuant to 18 U.S.Code, § 924, subsection (b) or (c).

Appellant argues that

"Government counsel could not say which, if either, penalty provision was used by the Court when imposing sentence upon appellant.

"Your appellant filed his response pointing out that he was merely indicted for 'transporting' firearms and ammunition after being previously convicted of a felony, and in the absence of such 'aggravated circumstances' being charged or proven beyond a reasonable doubt, the proper penalty provision should have been 18 U.S.Code, § 924(a)."

To the foregoing argument of appellant, we turn to the District Judge's opinion and order in which it is stated:

"The issue which the Court must consider is whether or not the sentence under Count II of Criminal Action No. 17,725 is illegal in that under the applicable statute (18 U.S.C. § 924) the maximum sentence allowable was five years.

"The Court is of the opinion that it did not err in sentencing petitioner to ten years under Count II because the penalty provisions of Section 924(b) or (c)(2) were clearly applicable to this case.

"Petitioner was represented by counsel of the Knoxville Bar who was able and experienced in the trial of criminal cases. No objections were raised by counsel as to the applicable penalty provisions before trial, during trial, or at sentencing.

"The other two indictments under which petitioner was convicted (Nos. 17,726 and 17,727) charged him with felonies. Count II of Criminal Action No. 17,725 charged him with transporting and shipping firearms and ammunition in interstate commerce in violation of 18 U.S.C. §§ 922(g) and 924. Furthermore, the proof showed that petitioner carried firearms unlawfully during the commis-

sion of a felony. Thus, the penalty provisions of either 18 U.S.C. § 924(b) or (c)(2) were applicable."

It is to be remarked that, in this appeal, Garner seeks only to vacate the judgment of the District Court imposed under Count Two of the indictment in Criminal Action No. 17,725.

Title 18 U.S.C.A. § 922(g) provides:

"It shall be unlawful for any person—(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, to ship or transport any firearm or ammunition in interstate or foreign commerce."

It is admitted that appellant, prior to his arrest and indictments, had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

Of the sections of the statute stated by the court in its opinion, it is provided in Title 18, U.S.C.A. § 924:

"(b) Whoever, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, or with knowledge or reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year is to be committed therewith, ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce shall be fined not more than $10,000, or imprisoned not more than ten years, or both.

"(c) Whoever—

(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years."

It is appellant's contention that he could not be found guilty of the offenses heretofore set forth since he was not charged with, or convicted of, using a firearm to commit any felony, or with carrying a fire-

arm unlawfully during the commission of a felony, which are essential prerequisites to sentencing under Title 18, U.S.C.A. § 924.

We are of the opinion that the jury could convict appellant on evidence, beyond a reasonable doubt, of violating Title 18 U.S.C.A. § 924(b) and § 924(c)(2). The sentence of ten years for the violation of Title 18 U.S.C.A. § 924(b) was expressly authorized by that Section, as it was also under Title 18 U.S.C.A. § 924(c)(2).

As to the sentence for the violation of Title 18 U.S.C.A. Appendix, Section 1202(a), in Count One of Indictment No. 17,725, 1202(a), that sentence has been set aside and need no longer concern us.

Furthermore, the conviction of appellant in Indictment No. 17,727 for the offense proscribed in Title 18 U.S.C.A. § 641, need not concern us as no question is raised as to the jurisdiction of the court, nor is any appeal taken from that sentence or judgment.

█ We return, then, to the evidence and the inferences to be drawn therefrom in arriving at our conclusion of the legality of the sentences imposed, and the proofs to sustain them. All cases on the three indictments and on all counts were tried together and at the same time. Appellant contends that the Government failed to prove an essential element of the crime charged—that is, that the transportation of the firearms and ammunition was carried out in interstate commerce.

No one saw appellant transport the arms and ammunition in interstate commerce, but the inferences of his conduct in this regard could not be stronger. It is to be repeated that appellant was identified by Ted J. Cannon, Cashier of The First National Bank in St. Joe, Florida, as the man who tried unsuccessfully to get Mr. Cannon to cash certain U.S. Postal Money Orders on February 3, 1970. Mr. Cannon, at the time, observed that the automobile which appellant was driving bore Missouri license plates No. SLA 527. When appellant was arrested in Tennessee, after running three road blocks, the car he was driving bore Missouri license plates No. SLA 527. In the trunk of the car were U.S. Postal Money Orders that had been stolen from a post office in Clarksburg, Missouri, when the post office safe had been blown open on January 18, 1970. There were also, as heretofore mentioned, found in the trunk of appellant's car, other U.S. Postal Money Orders, all of them aggregating $38,000 that had been stolen from the Missouri post office, as well as from the safes of the post offices in Arlington, Kentucky, and in Crockett Mills, Tennessee, which had been blown open by explosives. In the trunk of appellant's car, when he was arrested, was a great quantity of blasting gelatin, blasting caps and fuses, and an Army type 45 caliber pistol, a Colt Magnum Python pistol, a Browning automatic shotgun, and a quantity of ammunition for the three guns. Crammed into the trunk of appellant's car with the blasting gelatin, guns, fuses, and ammunition was a brief case containing the $38,000 of stolen U.S. Postal Money Orders.

There was no question that the three post office safes had been blown open. There was no doubt that the blasting gelatin and fuses were in appellant's possession at the time of his arrest. There was no doubt that someone had tried unsuccessfully to cash money orders in the bank in St. Joe, Florida, on February 3, 1970. There is no doubt that the man who tried unsuccessfully to cash the money orders in the bank in St. Joe, Florida, was identified as appellant, the same man who was arrested by the State Troopers in Tennessee with a car bearing the same license plates as the car of appellant bore in St. Joe, Florida, and carrying in the trunk of his car the $38,000 of money orders, and the mass of gelatin blasting material, the caps and fuses, the ammunition and the guns heretofore mentioned.

From the foregoing the jury could draw inferences that in an automobile with Missouri license plates No. SLA 527 appellant had transported in interstate commerce into the State of Tennessee, the guns, ammunition, blasting gelatin, blasting caps, with

fuses, and electric blasting caps, in violation of Title 18 U.S.C.A., § 922(g); and the jury could also draw inferences that appellant was guilty of the knowing retention of stolen United States Postal Money Orders, in violation of Title 18, U.S.C.A. § 641, and knowingly possessing, with intent to defraud, fraudulently-made United States Postal Money Orders, in violation of Title 18 U.S.C.A. § 472.

The jury could and did infer that, during the commission of a felony, appellant, in the trunk of his car, carried firearms unlawfully, that is, knowingly possessed unregistered destructive devices and firearms in violation of Title 26 U.S.C.A. §§ 5861(d) and 5871; and that appellant knowingly retained stolen United States Postal Money Orders with intent to convert to his own use, in violation of Title 18 U.S.C.A. § 641 as charged in the first count of Indictment No. 17,727; and that he knowingly possessed with intent to defraud fraudulently-made United States Postal Money Orders, in violation of 18 U.S.C.A. § 472, as charged in the second count of Indictment No. 17,-727. As previously recited, appellant was convicted on both counts in Indictment No. 17,727, and no appeal on those counts is before us.

■ Appellant contends that the District Court erred in refusing to reduce the sentence on Count Two of Indictment No. 17,-725. This supposes that such sentence was in conflict with Title 18 U.S.C.A. § 924(a). However, the Grand Jury did not charge appellant with violation of § 924(a) but rather charged him with violation of 922(g) and 924. Section 924 has four subsections, namely: (a)(b)(c) and (d). Appellant was tried under § 924(b), or (c), either of which the trial court held were equally applicable to the case. Each of these sections authorized sentences up to ten years of imprisonment. The District Court held that Count Two of Indictment No. 17,725 charged appellant with transporting and shipping firearms and ammunition in interstate commerce in violation of Title 18 U.S.C.A. §§ 922(g) and 924; that, furthermore, the proof showed appellant carried firearms unlawfully during the commission of a felony, and that the penalty provisions of either 18 U.S.C.A. § 924(b) or (c)(2) were, therefore, applicable. The District Court, therefore, sentenced appellant for a term of ten years under Count Two, which was justified under either § 924(b) or under § 924(c)(2).

If Count Two of the indictment had indicated that appellant was charged under Title 18 U.S.C.A. § 924(b) or (c)(2), instead of simply under 18 U.S.C.A. § 924, there would be no basis for argument as to the illegality of sentencing. However, as heretofore stated, the Government contended and its proofs showed that appellant had committed the offense under § 924(b) or (c)(2). As the District Court remarked, appellant was represented by counsel who were able and experienced in the trial of criminal cases, and no objection was raised as to the applicable penalty provisions before trial, during trial, or at sentencing. The mere fact that the Grand Jury charged appellant in the indictment with violation of Title 18 U.S.C.A. § 924, instead of § 924(b) does not invalidate the sentence under the latter provision of § 924, where the evidence was introduced by the Government in support of the charge under this count, and no objection was made during the trial to evidence in support of such count, nor any objection at the time of sentencing thereunder.

From the foregoing, it is our conclusion that the judgment of the District Court sentencing appellant to a term of ten years under Count Two of the Criminal Action No. 17,725 should be and is hereby affirmed.